IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0310
════════════
 
Jim Lowenberg, on Behalf of 
Himself and All Others Similarly Situated, Petitioner,
 
v.
 
City of Dallas, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Eleventh District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
During the first nine months of 1995, the City of Dallas charged a fee on 
commercial buildings to generate funds for fire protection services. Failure to 
pay the fee carried a criminal fine of up to $2,000. Threatened with that 
penalty, petitioner Jim Lowenberg paid his fee of $80 and then sued for a refund 
for himself as well as all others who paid the fee, alleging that the fee was an 
unlawful occupation tax. The trial court certified a class and granted the 
class’s motion for summary judgment. The court of appeals reversed, holding that 
as a matter of law, the fee was an unlawful tax but that recovery was barred by 
the voluntary payment rule because the tax was not paid under duress. 187 S.W.3d 
777 (Tex. 
App.—Eastland 2006). We reverse the court of appeals’ judgment and affirm the 
trial court’s judgment.
            
Dallas Ordinance 22206 required, effective January 1, 1995, a certificate 
of registration “to own, operate, or control a commercial building within the 
city.” To obtain a certificate, good for one year, a person submitted an 
application disclosing certain basic fire safety information related to the 
property (such as type of business, any hazardous operations, fire safety 
protection features, and unique aspects of the building) and paid a “fire 
registration fee” ranging from $70 to $2,150, depending on the building’s square 
footage. The Ordinance provided that a person lacking the required certificate 
committed a criminal offense punishable by a fine of up to $2,000. City of Dallas, Tex., 
Ordinance 22206, § 5 (Sept. 28, 1994) (adopting Dallas, Tex., Code ch. 16, art. 5, §§ 
5.101-.108).
            
According to the City, the Ordinance “established a fire safety 
registration program . . . to improve fire prevention and suppression services 
and thus to reduce loss of life and property to fire.” Brief in Response of the 
City of Dallas 
at 2. The purpose of the fee was “to recover . . . the costs of fire prevention 
services to commercial properties that had previously been funded by general 
revenue [and] the additional commercial-property-related costs of obtaining and 
administering fire registration information.” Id. at 3. “The Program was instituted 
to provide better fire prevention services for commercial buildings and, 
consequently, increased fire protection for the citizens of the City.” 
Id. at 
35.
            
Notice of the registration fee generated such a public outcry that the 
City cut the fees in half before the Ordinance even took effect and then 
repealed the Ordinance altogether, effective October 1, 1995. But the City did 
not refund fees already collected or cease collecting fees due while the 
Ordinance was in effect. Lowenberg submitted a registration application for his 
commercial building but did not pay the $80 fee. By letter dated May 14, 1996, 
the City requested payment of the fee, warning that “[v]iolators will be issued 
citations . . . and, upon conviction, will be subject to fines up to $2,000.” 
Lowenberg still did not pay. In February 1997, he was cited to appear in 
municipal court. He paid the fee, and in return, the charge was dismissed.
            
Lowenberg paid under protest, but the City had no protest procedures, so 
on July 28, 1997, he sued in federal court for a refund. In the fall of 1998, 
the federal court dismissed some of Lowenberg’s claims for want of subject 
matter jurisdiction and allowed him to dismiss others without prejudice. 
Brewster v. City of Dallas, No. 3:97-CV-1824-D (N.D. Tex. Nov. 
24, 1998). Lowenberg then brought this class action, alleging the registration 
fee was an unconstitutional taking in violation of his state and federal 
constitutional rights, and was an occupation tax in violation of Article VIII, 
Section 1(f) of the Texas Constitution. The district court certified a class, 
which was affirmed on interlocutory appeal. City of Dallas v. Brewster, No. 05-00-00335-CV, 2000 Tex. App. LEXIS 7846, 2000 WL 1716508 (Tex. App.–Dallas Nov. 17, 
2000, no pet.) (not designated for publication). Eventually, the trial court 
granted summary judgment, declaring that the fee was an illegal occupation tax, 
that persons who paid the fee on or after July 28, 1995 (some 19,000 in all) 
were entitled to a refund, that claims for payments before that date were barred 
by limitations, and that the refund totaled $1,009,751.25. After a bench trial 
on attorney fees, the trial court awarded the class $289,894.00 in attorney fees 
against the City. In January 2003, the trial court rendered final judgment for 
the plaintiffs for refunds, prejudgment interest, and attorney fees totaling 
$1,847,454.36. The court also awarded class counsel thirty percent of the common 
fund (total refunds plus attorney fees assessed against the City) as attorney 
fees from the class.
            
The court of appeals reversed, holding that all claims were barred by 
limitations, City of Dallas v. Lowenberg, 144 S.W.3d 46 (Tex. 
App.–Eastland 2004), but we disagreed and remanded the case for consideration of 
other issues raised that had been raised. Lowenberg v. City of Dallas, 
168 S.W.3d 800 (Tex. 2005) (per curiam). On remand, the court 
of appeals unanimously concluded that as a matter of law, the registration fee 
was an unlawful tax, but held, with one Justice dissenting, again as a matter of 
law, that the fees were not paid under duress and therefore recovery was barred 
by the voluntary payment rule. The court rendered judgment for the City, except 
that it remanded for a determination whether plaintiffs should still be awarded 
attorney fees under the Declaratory Judgment Act. 187 S.W.3d 777. Lowenberg and 
the class petitioned for review. The City also filed a petition for review, but 
only conditionally, challenging the remand on attorney fees.
            
The City argues that the registration fee was not an unlawful tax, but we 
agree with the court of appeals that it was. Article VIII, Section 1(f) of the 
Texas Constitution provides that an “occupation tax levied by any county, city 
or town for any year on persons or corporations pursuing any profession or 
business, shall not exceed one half of the tax levied by the State for the same 
period on such profession or business.” Lowenberg contends that the registration 
fee was really a tax on the business of owning, operating, or controlling a 
commercial building, and since the State levies no such tax, the fee was 
constitutionally prohibited. The only issue argued by the parties is whether the 
registration fee was a regulatory charge or a tax.
            
In Hurt v. Cooper, 110 S.W.2d 896, 899 (Tex. 1937), we 
explained:
 
            
It is sometimes difficult to determine whether a given statute should be 
classed as a regulatory measure or as a tax measure. The principle of 
distinction generally recognized is that when, from a consideration of the 
statute as a whole, the primary purpose of the fees provided therein is the 
raising of revenue, then such fees are in fact occupation taxes, and this 
regardless of the name by which they are designated. On the other hand, if its 
primary purpose appears to be that of regulation, then the fees levied are 
license fees and not taxes.
 
Although the 
registration fee in the present case was intended to offset the administrative 
costs of collecting fire safety information on commercial buildings and 
incorporating it in a database used in fire prevention efforts, clearly 
regulatory efforts, the City acknowledges that the fee was also intended to 
raise enough revenue to cover all costs of fire prevention in commercial 
buildings, shifting that burden off the taxpayers. Further, as noted above, the 
City concedes that the fee was to benefit the general public by improving fire 
protection for everyone. The court of appeals concluded that “the owners and 
operators of commercial buildings were essentially paying for all of the City’s 
fire prevention services.” 187 S.W.2d at 780. We do not think the record can 
fairly be read to support that broad statement, although there is some ambiguity 
in the testimony of a fire official. But even if the fee was intended to be used 
only for fire protection of commercial buildings, the revenue generated greatly 
exceeded any regulatory cost. We have little trouble concluding that the fee was 
a tax. Though the City is a home-rule municipal corporation with broad powers of 
self-government, Gates v. City of Dallas, 704 S.W.2d 737, 738 (Tex. 1986); Tex. Const. art. XI, § 5, it cannot 
impose regulatory fees that are really taxes prohibited by the Constitution.
            
But “[a] person who pays a tax voluntarily and without duress does not 
have a valid claim for its repayment even if the tax is later held to be 
unlawful.” Dallas County Cmty. Coll. Dist. v. 
Bolton, 185 S.W.3d 868, 876 (Tex. 2005). The voluntary payment rule 
protects the government from “threats to . . . financial security that can arise 
from unpredictable revenue shortfalls” and “supports the age-old policies of 
discouraging litigation with the government.” Id. at 876-77. The court of 
appeals held that, as a matter of law, class members’ payment of the 
registration fee was not under duress because:
 
The ordinance in this case did not otherwise impact business 
operations, the right to do business, the building premises, or the title to the 
real property.
 
            
In light of the public policy considerations, the terms of the ordinance, 
and the options available to challenge the fee, we cannot hold that the 
possibility of being fined up to $2,000 constitutes the type of duress that 
would “interfere with another person’s exercise of free will and 
judgment.”
 
 
187 S.W.3d at 
782. The court quoted Bolton’s observation that “[a] common element of 
duress in all its forms . . . is improper or unlawful conduct or threat of 
improper or unlawful conduct that is intended to and does interfere with another 
person’s exercise of free will and judgment.” 185 S.W.3d at 878-79. But 
Bolton dealt only with economic duress. The court of appeals focused too 
narrowly on whether the threat of a $2,000 fine posed a financial hardship and 
failed to consider that nonpayment of the registration fee was a criminal 
offense, a Class C misdemeanor. See Tex. Penal Code § 12.41(3). We did not 
consider duress from criminal penalties in Bolton, but we did in 
Hoefling v. City of San Antonio, 20 S.W. 85 (Tex. 1892). There, a butcher 
business paid an unlawful occupation tax under protest only after the city 
initiated criminal proceedings. We held that the business could recover the tax 
paid:
 
If appellants had voluntarily paid the sum claimed as a tax, 
then they would not be entitled to recover it; but they paid it upon coercion, 
after the institution of criminal proceedings against them, and under the 
agreement of the parties are entitled to recover the sum so paid, together with 
costs incurred in all the courts.
 
Id. at 
89.
            
The rule in Hoefling applies here. Although Lowenberg was actually 
cited with a criminal charge, as was the taxpayer in Hoefling, payment 
was coerced not by the citation but by the Ordinance itself, which made 
nonpayment criminal: “A person commits an offense if he owns, operates, 
or controls a commercial building in the city without a valid certificate of 
registration issued under this article.” (Emphasis added.) The City argues that 
the mere threat of criminal charges should not be held to have coerced payment 
of the registration fee when Lowenberg could have sued for injunctive or 
declaratory relief to avoid payment. The City points to our suggestion in 
Bolton that such relief could provide the pre-deprivation remedy 
necessary to satisfy due process. Bolton, 185 S.W.3d at 881 n.9. But we 
expressly noted in Bolton that the voluntary payment rule and 
constitutional due process are not the same. While the availability of 
injunctive or declaratory relief might prevent the assessment of an unlawful tax 
from being a denial of due process, the failure to pursue such relief before 
paying an unlawful tax does not render the payment voluntary so as to defeat a 
claim for refund; otherwise, since such relief is almost always available, the 
voluntary payment rule would be essentially an absolute bar to refund.
            
The voluntary payment rule encourages resolution of disputes over an 
assessment before it is paid and the collector has relied on possession, 
especially when the collector is the government and the stability of the public 
fisc is at stake. It is better for the government to know that revenue is 
unavailable than it is to make refunds after budgets have been drawn and 
expenditures authorized. In the present case, however, it is not clear whether 
any action could have been brought to stop collection of the registration fee 
before the City repealed it. The City collected some $1.7 million in fees and 
$50,000 in fines during the nine months the Ordinance was in effect. In these 
circumstances, we think that as a matter of law, class members did not fail to 
avail themselves of other relief so that their payment of the registration fee 
was voluntary, barring refund.
            
The trial court awarded attorney fees against the City under the 
Declaratory Judgment Act. Tex. Civ. 
Prac. & Rem. Code § 37.009. The City contends this was error for two 
reasons. First, it argues that the plaintiffs were not entitled to relief under 
the DJA when they had a mature takings claim. But the City pointedly does not 
argue that the plaintiffs could have succeeded in recovering on their mature 
takings claim with the same proof that established their claim to a declaratory 
judgment, and we are not inclined to speculate on the matter. Second, the City 
argues that the declaratory judgment claim was mooted by the class member’s 
voluntary payments followed by the repeal of the registration fee. But the City 
cannot extract millions in unlawful fees and fines, decide the whole thing was a 
mistake, keep the money, and insist the whole matter is moot. For those who 
paid, the controversy remains real.
            
Accordingly, we grant the parties’ petitions for review and, without 
hearing oral argument, Tex. R. App. 
P. 59.1, reverse the judgment of the court of appeals and render judgment 
in accordance with the judgment of the trial court.
 
Opinion delivered: March 28, 
2008