Lew W. DAVENPORT, Appellant,

v.

Herbert H. HARRISON, Appellee.

No. 9465.

Court of Appeals of Texas,
Texarkana.

May 6, 1986.

Patrick Lowe, Dodson, Nunley & Taylor, Uvalde, for appellant.

Jack A. Ware, Uvalde, for appellee.

CORNELIUS, Chief Justice.

Lew Davenport appeals the dismissal of his suit on a promissory note.

There is no statement of facts, but the transcript provides a record of the case's procedural history. On July 22, 1980, Herbert H. Harrison executed a promissory note in favor of Davenport in the principal sum of $15,000.00, representing payment for a one-half interest in a worm farm. The note provided that $5,000.00 would be paid as an initial payment, and the remaining $10,000.00 would be paid in four annual installments of $2,500.00, plus interest, due October 1 each year commencing in 1981. In January 1984, Davenport sued Harrison alleging that the installments for the years 1981, 1982 and 1983 were past due and unpaid, and sought judgment for $7,500.00, plus interest. Alternatively, Davenport contended there had been an anticipatory breach of the complete agreement which, counting the not yet due 1984 $2,500.00 installment, made a total of $10,000.00 due. In the trial of that suit the jury was asked:

> What amount of money, if any, do you find from a preponderance of the evidence that Herbert H. Harrison owes Lew W. Davenport?

The jury answered "$7,500.00." The trial court rendered judgment for $7,500.00 plus attorney's fees and interest "on the unpaid installments found by the jury to be due."

On October 9, 1984, Davenport filed the instant suit, alleging that on October 1, 1984, the fourth and final installment of $2,500.00 was past due and unpaid. In Harrison's first amended original answer to the suit, he raised the affirmative defense of res judicata, in effect alleging that the final $2,500.00 installment, although not then due, was included in the subject matter of the previous suit. He also brought a cross-action against Davenport.

On April 9, 1985, Davenport filed a motion for interlocutory summary judgment in the present suit. A hearing was held on the motion, and although Harrison had failed to answer or otherwise respond to the summary judgment motion, the trial court permitted him to raise the res judicata defense on the basis of its inclusion in his general answer on the merits. The court did not rule on the motion for summary judgment, but rather severed Harrison's cross-action and dismissed Davenport's suit.

Davenport maintains it was error to dismiss his cause of action because the only motion before the court at the hearing was his motion for summary judgment.

In a summary judgment hearing the duty of the trial court is to determine if any fact issue exists, not to weigh evidence or try the case by affidavits. *Drew v. Lauder,* 647 S.W.2d 749 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.), and cases there cited. Harrison filed no written answer or response to Davenport's motion for summary judgment, and the affirmative defense of res judicata considered by the court at the summary judgment hearing was contained only in Harrison's answer filed in response to Davenport's petition. Such a pleading fails to present any issue in response to the summary judgment motion. *Toler v. Harbour,* 589 S.W.2d 529 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). The pleading of affirmative defenses, alone, will not defeat a motion for summary judgment by a plaintiff whose summary judgment proof conclusively establishes his right to an instructed verdict *if no proof* were offered by the nonmovant in a conventional trial on the merits. *Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex.1974). When no answer or response to the motion for summary judgment is filed, the nonmovant may contend on appeal only that the grounds presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek*

*Basin Authority,* 589 S.W.2d 671 (Tex. 1979). The grounds presented by Davenport's motion for summary judgment were sufficient to support a judgment in his behalf in the absence of any controverting evidence. Thus, the motion for summary judgment should have been granted. *City of Houston v. Clear Creek Basin Authority,* supra. Even if the motion had been deficient, it was error to dismiss Davenport's action on the basis of the defense raised by Harrison only in his general answer. *Kelley v. Bluff Creek Oil Company,* 158 Tex. 180, 309 S.W.2d 208, 214 (1958); *Unitrust, Inc. v. Jet Fleet Corp.,* 673 S.W.2d 619 (Tex.App.—Dallas 1984, no writ).

■ Davenport asks that we render judgment pursuant to his motion in the trial court. The failure to grant a motion for summary judgment is not reviewable on appeal unless all parties in interest file motions for summary judgment and the appeal is from the granting of one of them. *Ackermann v. Vordenbaum,* 403 S.W.2d 362 (Tex.1966); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958). The rule applies with equal force to cases disposed of by dismissal as to those concluded by a conventional trial on the merits. As stated by our Supreme Court,

> [O]ur system of practice should not permit the downfall of a cause because of an overruled motion for summary judgment, which in the light of a conventional trial on the merits appears to have been defectively defended against by insufficient pleadings, depositions or affidavits. Many of the considerations militating against the review of a trial court's action overruling a motion for summary judgment after the case has been tried in the conventional manner before judge or jury are also applicable when the final judgment appealed from is one of dismissal. The safer rule is one restricting the *Tobin-Garcia* doctrine to its factual situation and that disclosed in *Gulf, Colorado & Sante Fe Ry. Co. v. McBride,* [159 Tex. 442, 322 S.W.2d 492 (1959)], that is, to cases in which motions for summary

judgment have been filed by all of the real parties at interest and the appeal is prosecuted from a judgment granting one or more of them.

*Ackermann v. Vordenbaum,* supra at 365.

For the reasons stated, the judgment is reversed and the cause is remanded to the trial court for reinstatement on the docket. *Ackermann v. Vordenbaum,* supra.

GRANT, Justice, concurring.

I concur with the majority opinion, but I would include that the trial court erred not only procedurally, as set forth by the majority opinion, but also in substance. The trial court granted the judgment on the basis of the affirmative defense of res judicata.

In the prior trial, the court granted judgment for $7,500.00 plus attorney's fees and interest "on the unpaid installments found by the jury to be due." No special issue was submitted on the alleged anticipatory breach. The doctrine of res judicata prevents relitigation of matters which were or should have been tried in a former suit. The final installment of $2,500.00 was not yet due at the time of the former trial and judgment, and it therefore could not have been tried as a past-due obligation. Therefore, res judicata could not apply to the final payment which was not yet past due at the time of the first trial.

The res judicata doctrine would not bar the suit for the fourth installment after it became due, because it is an entirely different issue than that of anticipatory breach which was raised at the prior trial.

Furthermore, although not raised on appeal, the record appears to have two final judgments. The first judgment is dated November 21, 1984, and was a default judgment in favor of Davenport. The second judgment is dated May 7, 1985, and was entered in favor of Harrison. Nothing appears in the record setting aside the initial default judgment.

It is fundamental that there can be only one final judgment in a case. *Cavazos v. Hancock,* 686 S.W.2d 284 (Tex.App.—

Amarillo 1985, no writ). The first judgment is controlling, and judgments which do not vacate a prior judgment are a nullity unless it appears the first judgment is void on its face. *Cavazos v. Hancock,* supra. The initial judgment appears to be regular on its face and contains due recitations of service of process.