Terrance J. PITTS, Susan White (Executrix of the Estate of Jack Swidler), J. Sutton Taylor, Beverly Whetstone, and Richard Chavez, Appellants,

v.

THE COUNTY OF DALLAS, Appellee.

No. 05–02–01603–CV.

Court of Appeals of Texas, Dallas.

July 31, 2003.

Rehearing Overruled Sept. 8, 2003.

112. The sixth factor listed in the statute did not appear in the *Kraus* list.

Carolyn Findley Price, Arlington, for Appellant.

Jana Marie Prigmore, District Attorney's Office—Civil Division, Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion By Justice MORRIS.

In this case we again address the statute of limitations applicable to a cause of action for recovery of unauthorized bail bond fees collected by Dallas County. The trial court ruled that appellants' claim was subject to a two-year statute of limitations and that because appellants' alleged injuries occurred more than two years before they filed suit, their claim was time-barred. In a single issue on appeal, appellants contend the trial court should have applied a four-year statute of limitations to their claim. We disagree and we affirm the trial court's judgment.

From 1981 to 1992, Dallas County charged a fee for each bail bond posted in the county. The supreme court held that such fees were illegal in *Camacho v. Samaniego*, 831 S.W.2d 804 (Tex.1992). Appellants, bail bondsmen who paid the unauthorized charges, filed suit against Dallas County in May 1996 to recover the fees they had paid. In their petition, appellants alleged they were suing "to recover the fees or taxes paid by them to the County ('the Debt')" and asked for damages "in the amount of the fees or taxes collected from them without legal authority," plus interest and attorneys' fees. In its final judgment, the trial court ruled that appellants' cause of action was barred by the two-year statute of limitations. This appeal followed.

Appellants present one issue for us to decide. They contend they pleaded a cause of action for recovery of a debt and the trial court should have applied the four-year statute of limitations applicable to actions for debt. In response, the county argues that appellants have improperly characterized their claim as one for debt and that under recent supreme court precedent, the trial court correctly applied a two-year statute of limitations.

This court has twice considered, and rejected, the contention that a cause of action for recovery of unauthorized fees paid to a county is an action on a debt. *See Dallas County Cmty. College Dist. v. Bolton*, 89 S.W.3d 707, 721–22 (Tex.App.-Dallas 2002, no pet.); *Bowles v. Clipp*, 920 S.W.2d 752, 759–60 (Tex.App.-Dallas 1996, writ denied). Appellants' denomination of their claim as a "debt" notwithstanding, this case involves an action for recovery of unauthorized bail bond fees. The supreme court has recently held that when a party seeks reimbursement from a county for unauthorized charges, the applicable statute of limitations is section 16.003(a) of the Texas Civil Practice and Remedies Code. *Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002). The statute provides that a person must bring suit for the taking of personal property "not later than two years after the day the cause of action accrues." TEX.

Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 2002). The cause of action accrues when payment to the county is made. *Trammel's*, 80 S.W.3d at 584. Accordingly, appellants' cause of action against Dallas County accrued, at the latest, on the last day they paid a bail bond fee to the county, which the record shows to be June 17, 1992. Because they did not file suit until May 6, 1996, the trial court correctly ruled that their claim is barred by limitations. We resolve appellants' issue against them. We affirm the judgment of the trial court.