**CITY OF DALLAS, Appellant,**

v.

**Jim LOWENBERG et al., Appellees.**

No. 11–03–00061–CV.

Court of Appeals of Texas, Eastland.

June 10, 2004.

James Pinson, Asst. City Atty., Dallas, for appellant.

Robert M. Nicoud Jr., Olson Nicoud & Glueck, L.L.P., John T. Cox, III, Russell J. DePalma, Lynn Tillotson & Pinker, L.L.P., Dallas, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

The focus of this class action lawsuit is upon a claim that a Dallas City ordinance is unconstitutional. The trial court ultimately denied summary judgment relief to the City of Dallas. The trial court granted a summary judgment for appellees in the amount of $1,847,454.36, representing refunds of monies paid by appellees under the ordinance as well as prejudgment in-

terest. That amount also includes attorneys' fees that the court found to be payable by the City after a separate trial on attorneys' fees. Because we find that appellees' claims are barred by limitations, we reverse and render judgment for the City.

The summary judgment evidence shows that on September 28, 1994, the City of Dallas passed an ordinance in which the City required that owners and others exercising control of nonexempt commercial buildings obtain a certificate of registration from the City and required them also to pay a registration "fee."[1] *See* DALLAS, TEX., FIRE CODE, ch. 16, art. 5, § 5.102–104 (1994). Failure to pay the registration fee constituted an offense punishable by a fine of up to $2,000. The City sent notices to some 19,000 owners and those otherwise in control of commercial buildings in which the City informed them of the provisions of the ordinance. On September 27, 1995, the City rescinded the fee, but it did not make the rescission retroactive. The City also continued to attempt to collect the fees that had accrued during the time that part of the ordinance was in effect.

Although twice notified by the City to do so, appellee Jim Lowenberg did not pay the fee. Ultimately, the City issued a citation to Lowenberg, and he paid an $80 registration fee in exchange for the dismissal of the citation.

On July 28, 1997, almost three years after the City passed the ordinance, Lowenberg and others filed a class action lawsuit against the City of Dallas in United States District Court. They alleged that the fees were actually unconstitutional occupational taxes, and they sought a refund of all fees paid. In November 1998, after appellees received various adverse rulings from the United States District Court, they voluntarily dismissed that lawsuit. On October 19, 1998, over four years after the City passed the ordinance, Lowenberg and others filed the lawsuit that resulted in this appeal. Because we find the statute of limitations issue to be dispositive of this appeal, we will address only that issue.

The City argues that it conclusively established all of the elements of its limitations claim. The City further contends that the trial court erred when it denied the City's motion for summary judgment and entered summary judgment for appellees.

In the appeal from a summary judgment case, we determine whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). We accept as true all evidence which supports the non-movant; we indulge every reasonable inference in favor of the non-movant; and we resolve any doubts in favor of the non-movant. Rule 166a(c); *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). To be entitled to summary judgment on an affirmative defense such as limitations, the movant must conclusively prove all of the elements of the defense. *University of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex.2000). When both sides

1. Although an issue in this case is whether the money to be paid under the ordinance is a "fee" or an unconstitutional tax, the parties generally have referred to the required payment as a "fee." We will also refer to it as a "fee," but we are not to be taken as holding that the payment is a "fee" as opposed to an unconstitutional tax.

move for summary judgment and the trial court grants one motion and denies the other, as occurred here, the losing party may appeal both rulings. We then consider both motions for final summary judgment and enter the judgment that the trial court should have entered. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997).

■■■ The two-year statute of limitations applies to a challenge to the constitutionality of a "taking" such as that alleged by appellees here. *Texas Workers' Compensation Commission v. Garcia*, 893 S.W.2d 504, 518 (Tex.1995); *Bowles v. Clipp*, 920 S.W.2d 752, 760 (Tex.App.-Dallas 1996, writ den'd). Federal claims are also subject to the two-year statute of limitations that are applicable to State claims. *Peter Henderson Oil Company v. City of Port Arthur, Texas*, 806 F.2d 1273 (5th Cir.1987).

■■■ Limitations begin to run when a cause of action accrues. For purposes of limitations, a cause of action accrues when facts come into existence by which a party knows, or should know, that it is entitled to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990). In order to determine when the cause of action accrued in this case, we must first determine the nature of the claim made by appellees.

■■■ A claim that a statute or an ordinance is unconstitutional on its face is a claim that the statute or ordinance always operates unconstitutionally. *Texas Workers' Compensation Commission v. Garcia*, *supra*. In an "as applied" challenge, a party concedes that the statute or ordinance is constitutional generally but that it is unconstitutional as it is applied to a particular claimant or to a particular set of facts. *City of Corpus Christi v. Public Utility Commission of Texas*, 51 S.W.3d

231, 240 (Tex.2001); *Texas Workers' Compensation Commission v. Garcia, supra.*

■■■ In a facial challenge to the constitutionality of a statute or ordinance, the statute of limitations begins to run upon the passage of the statute or the ordinance, with few exceptions not applicable here. *See Peter Henderson Oil Company v. City of Port Arthur, Texas, supra.* At that time, by the passage of the ordinance, a claimant has "explicit, unambiguous notice that the property would be subject to the requirement[s]" of the statute or the ordinance. *Peter Henderson Oil Company v. City of Port Arthur, Texas, supra* at 1275. In an "as applied" challenge to a statute or to an ordinance, the statute of limitations begins to run at the time that the statute or the ordinance is unconstitutionally applied to the claimant. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir.1993).

Appellees rely upon *Chacon v. Granata*, 515 F.2d 922 (5th Cir.1975), for the proposition that the statute of limitations did not begin to run at the time of the passage of the ordinance. They also rely upon *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580 (Tex.2002), for the proposition that limitations should run from the time that the fees were paid.

In *Chacon*, a valid annexation ordinance was passed. The plaintiffs claimed that the annexation was the first step in a scheme to deprive them of their property without just compensation. They argued that the anticipated deprivation would come in the future through the use of illegal zoning laws or abuse of the power of eminent domain. The court held that the claim was one that may never ripen. No legal injury had been inflicted by the annexation ordinance. Here, however, the fee arose as a direct result of the passage of the ordinance; nothing remained to be done in the future. *See Trail Enterprises,*

*Inc. v. City of Houston,* 957 S.W.2d 625 (Tex.App.-Houston [14th Dist.] 1997, writ den'd), *cert. den'd,* 525 U.S. 1070, 119 S.Ct. 802, 142 L.Ed.2d 663 (1999).

*Lubbock County* involved the presentment statute applicable to counties and has no application here. *See* TEX. LOC. GOV'T CODE ANN. § 89.004(a) (Vernon Supp.2004).

Here, appellees argue that they are challenging the ordinance as applied and that the statute of limitations did not begin to run when the City passed the ordinance. The City counters that appellees' complaint is actually a facial challenge to the ordinance regardless of what appellees call it. We agree with the City. A court should look at the substance of a complaint, not simply its form or its label. *Surgitek, Bristol–Myers Corporation v. Abel,* 997 S.W.2d 598, 601 (Tex.1999); *State Bar of Texas v. Heard,* 603 S.W.2d 829, 833 (Tex.1980).

We hold that, even though appellees have designated their challenge an "as applied" challenge, they actually have presented a facial challenge to the constitutionality of the ordinance. It is not a particular application that gives rise to the fee, it is solely the passage of the ordinance that gives rise to the fee. The essence of the complaint is that the fee is an unconstitutional tax. Appellees point to no particular claimants and no particular circumstances not common to all within the purview of the ordinance. *See Levald, Inc. v. City of Palm Desert, supra.* Framing a claim in terms of art normally associated with an "as applied" challenge does not transform a facial challenge into an "as applied" challenge. *See Levald, Inc. v. City of Palm Desert, supra.*

Because the summary judgment evidence establishes that appellees' claims are time-barred, the City's Points of Error Nos. 1, 2(b), 4(b), 4(c), and 4(d) are sustained. We need not address any remaining points or cross-points.

The judgment of the trial court is reversed, and judgment is rendered that appellees take nothing from the City of Dallas.