Jim LOWENBERG, on behalf of himself and all others similarly situated, Petitioner,

v.

CITY OF DALLAS, Respondent.

No. 04–0671.

Supreme Court of Texas.

June 10, 2005.

Rehearing Denied Sept. 2, 2005.

John T. Cox, Russell James DePalma, Lynn Tillotson & Pinker, LLP, Robert M. Nicoud, Olson Nicoud & Gueck, L.L.P., Dallas, for petitioner.

Mark E. Goldstucker, Brown & Hofmeister LLP, Richardson, James B. Pinson, Assistant City Attorney, Dallas, for respondent.

PER CURIAM.

The question presented is when a claim accrues for refund of an illegal fee. The court of appeals held it accrues when the fee is enacted rather than when it is paid, distinguishing a recent opinion by this Court to the contrary. We disagree, and thus reverse.

On September 28, 1994, the City of Dallas passed an ordinance requiring commercial property owners to pay an annual "fire registration fee." The amount of the fee varied with the square footage of the commercial property. After a wave of protests, the City repealed the ordinance the following year, but continued efforts to collect it for the year it had been in effect.

Jim Lowenberg owned commercial property subject to the fee. In 1995 and 1996, the City demanded payment of the fee, but he refused. When the City issued a citation in April of 1997 assessing a $2000 fine,

he paid the $80 fee in return for the City's dismissal of the citation.

In July 1997, Lowenberg filed a class action in federal court alleging the fee was unconstitutional. The federal district court dismissed most of his claims for lack of subject-matter jurisdiction on September 30, 1998, and he voluntarily dismissed the remainder thereafter.

Lowenberg refiled his class action in the Dallas County District Court on October 19, 1998. The state district court certified a class of all persons who paid the fee, or fines related to it.

The district court later granted the class's motion for summary judgment, finding the fee was an illegal occupation tax. *See* Tex. Const. art. VIII, § 1(f). The district court denied the City's limitations defense, measuring accrual from the date Lowenberg paid the fee, which was within four months of his federal filing and seventeen months of his state suit. *See* Tex. Civ. Prac. & Rem Code § 16.064(a) (providing that if action dismissed for lack of jurisdiction is refiled within 60 days in court with proper jurisdiction, period between filings is not included in calculating limitations).

The court of appeals reversed and rendered a take-nothing judgment against the class. The appellate court measured accrual from the date the City passed the fee ordinance, almost three years before Lowenberg first filed his class action in federal court. 144 S.W.3d 46, 49–50. Lowenberg and the class appeal.

Three years ago in *Lubbock County v. Trammel's Lubbock Bail Bonds,* we held that a suit for refund of bail bond fees assessed by a county without statutory authority was governed by the two-year statute of limitations applicable to suits for the taking of personal property. 80 S.W.3d 580, 584 (Tex.2002); *see* Tex. Civ. Prac. & Rem.Code § 16.003(a). We also stated an explicit rule for accrual in such cases: "[T]he cause of action accrues when payment to the county is made because that is when the injury occurs, not when the claim has been presented to and rejected by the commissioners court." *Trammel's,* 80 S.W.3d at 585.

The court of appeals applied the two-year limitations statute, but refused to date accrual from payment of the fee because the *Trammel's* case "has no application here." 144 S.W.3d at 50. While that may be true of the latter part of the *Trammel's* rule concerning presentment to commissioners court, it is not true of the former part concerning accrual upon payment. That rule does apply here, and the class claims accrued when they paid the City's fee because, just as in *Trammel's,* that is when their alleged injury occurred.

In reaching a contrary conclusion, the court of appeals cited two federal cases for the proposition that "[i]n a facial challenge to the constitutionality of a statute or ordinance, the statute of limitations begins to run upon the passage of the statute or ordinance." 144 S.W.3d at 49. Both cases concerned regulatory takings, in which it was asserted that mere enactment of a regulation deprived owners of the economically viable use of their land. *See Levald, Inc. v. City of Palm Desert,* 998 F.2d 680 (9th Cir.1993); *Peter Henderson Oil Co. v. City of Port Arthur, Texas,* 806 F.2d 1273 (5th Cir.1987); *see also Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1016, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992).

■ But there are several sharp distinctions between physical takings and regulatory takings. The former "are relatively rare, easily identified, and usually represent a greater affront to individual property rights," while the latter "are ubiquitous and most of them impact property values in some tangential way." *Tahoe–Sierra*

*Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 324, 122 S.Ct. 1465, 152 L.Ed.2d 517 (2002). As a result, it is often inappropriate to treat cases involving one as controlling precedents for the other. *Id.* at 323–24, 122 S.Ct. 1465.

■ The distinction between physical and regulatory takings also leads to a different accrual date for limitations. Generally, a cause of action accrues when a wrong produces an injury. *Trammel's*, 80 S.W.3d at 585; *see also Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 (Tex.2004). In a regulatory taking, it is passage of the ordinance that injures a property's value or usefulness. But a physical taking causes injury when the property itself is taken. *United States v. Dickinson*, 331 U.S. 745, 749–50, 67 S.Ct. 1382, 91 L.Ed. 1789 (1947) (holding taking accrued not when landowners were notified that dam would flood property but when lands were actually flooded). Similarly, in cases asserting that a fee was unauthorized, state and federal courts generally date accrual just as we did in *Trammel's* from the date it was paid.[1]

■ In this case, Lowenberg was not injured by enactment of the fee, as he made no claim that the regulation destroyed the value or use of his property.

Instead, he was injured when he paid the fee. As he filed his action less than two years thereafter, it was not barred by limitations.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand to that court for consideration of the other issues raised on appeal but not reached in its opinion. Tex R.App. P. 59.1.

---

1. *See, e.g., Venture Coal Sales Co. v. U.S.*, 370 F.3d 1102, 1105 (Fed.Cir.2004); *Pacific Gas and Elec. Co. v. City of Union City*, 220 F.Supp.2d 1070, 1079–80 (N.D.Cal.2002); *Paul v. City of Woonsocket*, 745 A.2d 169, 173 (R.I.2000); *Kuhn v. State, Dep't of Revenue*, 897 P.2d 792, 798 (Colo.1995); *Sundance Homes, Inc. v. County of DuPage*, 195 Ill.2d 257, 253 Ill.Dec. 806, 746 N.E.2d 254, 261 (2001); *Wats Mktg. of Am., Inc. v. Boehm*, 242 Neb. 252, 494 N.W.2d 527, 531 (1993); *Pitts v. County of Dallas*, 113 S.W.3d 783, 785 (Tex.App.-Dallas 2003, pet. denied); *see also Camacho v. Samaniego*, 954 S.W.2d 811, 828 (Tex.App.-El Paso 1997, pet. denied); *Highway Contractors, Inc. v. West Texas Equip. Co., Inc.*, 617 S.W.2d 791, 795 (Tex.Civ.App.-

Amarillo 1981, no writ); *Cannon Ball Truck Stop, Inc. v. Mobil Oil Corp.*, 501 S.W.2d 927, 929 (Tex.Civ.App.-Houston [14th Dist.] 1973, writ ref'd n.r.e.). Of course, a different accrual date may be set by statute. *See, e.g.*, 26 U.S.C. § 6532(a)(1) (requiring refund claims to be filed within two years of date IRS mails notice of disallowance); Ky.Rev.Stat. § 134.580(4) (requiring suit for refund to be filed within four years of the later of date return was filed or money was paid); Md. Code, Tax–Gen. § 13–1104(a) (requiring claim for refund to be filed within 3 years of date tax, interest, or penalty was paid); Or. Rev.Stat. § 305.780 (requiring suit for tax refund to be filed in same year it became due).