Opinion filed February 2, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00009-CV 

                                                    __________

 

                    CITY
OF NEW BRAUNFELS, TEXAS, Appellant

 

                                                             V.

 

                  WWGAF,
INC. D/B/A ROCKIN “R” RIVER RIDES, 

              TEXAS TUBES,
AND CORNER TUBES, INC., Appellees



 

                                   On
Appeal from the 207th District Court

 

                                                            Comal
County, Texas

 

                                               Trial
Court Cause No. C2007-0781B

 



 

M E M O R A N D
U M   O P I N I O N

 

            We
withdraw our former opinion and judgment dated December 22, 2011, and
substitute this opinion and judgment therefor.  The City of New Braunfels’s
motion for rehearing is denied.

            This
appeal stems out of two summary judgment orders entered in favor of appellees. 
We affirm in part and reverse and remand in part.  

            WWGAF,
Inc. d/b/a Rockin “R” River Rides, Texas Tubes, and Corner Tubes, Inc. rent
tubes and ice chests in New Braunfels for use on the Comal and Guadalupe Rivers. 
Appellees also provide patrons with shuttle access to and from the rivers’ drop-off
and exit points.   Initially, appellees, along with an unincorporated
association known as “Stop The Ordinances Please” (STOP), Gruene Home Run
Batting Cages and Tubing, and several individuals, brought suit against the
City of New Braunfels.   The parties challenged four city ordinances by which
the City prohibited the use of certain containers on the Comal and Guadalupe Rivers
and one ordinance by which the City required the businesses to pay a river management
fee.[1] 
The City filed a plea to the jurisdiction and contested the parties’ standing
to assert all of their claims except for the parties’ challenge to the river
management fee.  The trial court granted the plea, dismissed those claims, and
severed the challenge to the fee from the dismissed claims.  The businesses
appealed the trial court’s dismissal order to the Third Court of Appeals in
Austin.  The Third Court affirmed in part and reversed and remanded in part.  Stop
the Ordinances Please v. City of New Braunfels, 306 S.W.3d 919 (Tex.
App.—Austin 2010, no pet.).

            The businesses
were parties to the fee claims; the association and individuals were not.  Although
Gruene Home Run Batting Cages later took a nonsuit on the fee claims, and
although Gruene is not a party to this appeal, appellees and Gruene moved for partial
summary judgment on their claim that New Braunfels City Ordinance No. 01-32,
entitled “River Management Fee,” was an unconstitutional occupation tax.  In
the alternative, the parties moved for partial summary judgment on the ground
that the ordinance was void because the City adopted it in violation of its charter. 
The trial court granted summary judgment in favor of appellees on both grounds.

            Gruene
filed a motion to nonsuit without prejudice, and the trial court granted it.  Only
appellees remained as named plaintiffs in the suit.

            Appellees
filed a motion for final summary judgment in which they claimed they were entitled
to a refund of the prior fees paid to the City, as well as attorneys’ fees and
costs.  The trial court again granted summary judgment in favor of appellees
and awarded $419,591.75 to WWGAF, $145,944 to Texas Tubes, and $247,910.50 to Corner
Tubes as refunds of prior fees paid to the City; prejudgment and postjudgment
interest; $148,836 in attorneys’ fees; and $13,410.05 in costs.

            The
City raises five issues on appeal.  In its first three issues, the City challenges
the trial court’s order in which the trial court granted partial summary
judgment regarding the validity of the fee.  In the last two issues, the City challenges
the trial court’s order in which it granted summary judgment on the issue of
the fee refund, attorneys’ fees, and costs.  First, the City contends that the
appellees’ summary judgment evidence is insufficient to establish that the fee
is an unconstitutional tax as a matter of law.  The City also argues that it
raised a genuine issue of material fact regarding the primary purpose of the
fee.  In its third issue, the City asserts that appellees failed to challenge
the procedural defects of the fee ordinance within the applicable statute of
limitations.  Furthermore, the City argues that the trial court erred when it
ordered the City to refund fees paid more than two years before appellees
challenged the fee.  In its fifth issue, the City contends that the trial court
erred when it ordered the City to pay attorneys’ fees and costs.

             A
trial court must grant a traditional motion for summary judgment if the moving
party establishes that no genuine issue of material fact exists and that the
movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  The nonmovant is not required to file a
response to defeat the movant’s summary judgment motion; however, once the movant
establishes a right to judgment as a matter of law, the nonmovant must come
forward with evidence or law that precludes summary judgment.  Clear Creek,
589 S.W.2d at 678–79.  We review a trial court’s grant of summary judgment de novo. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  When
reviewing a summary judgment, the appellate court takes as true evidence
favorable to the nonmovant.  Id.

            We
will address each summary judgment separately.  In the motion for partial
summary judgment, appellees argued that, although the ordinance was designated
as a “fee,” it was actu-ally a tax because its primary purpose was to raise
revenue, not to regulate a business.   Furthermore, appellees asserted that, because
the State of Texas had not levied an occupation tax for using public river
exits or for picking up tubers from a public river exit, it was
unconstitutional for the City to levy such a tax.   In the alternative, appellees
contended that the ordinance was void because the City did not comply with the
requirements of the city charter in its enactment.  Specifically, appellees
claimed that the city attorney failed to sign the ordinance in approval or file
objections to the ordinance with the city secretary and that the city secretary
failed to note on the ordinance the dates and medium of its publication.

            We
will first discuss whether the trial court erred when it granted partial
summary judgment in favor of appellees on the ground that the ordinance was
void because it did not comply with the city charter.  In passing an ordinance,
a city is subject to the provisions of its charter.  Loos v. City of Houston,
375 S.W.2d 952, 956 (Tex. Civ. App.—Houston 1964, writ ref’d n.r.e.).  “Each act required to be done is essential to the exercise
of the jurisdiction, and each must be rigidly performed.  The courts cannot say
that the omission of some requirement is unimportant, or that an act different
from that directed is substantially as good.”  Flewellen v. Proetzel, 15
S.W. 1043, 1045 (Tex. 1891).

            Appellees
attached section 3.10 of the city charter to their motion for summary judgment. 
That section provides:

            The City
Council shall legislate by ordinance only, and the enacting clause of every
ordinance shall be, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF NEW
BRAUNFELS, before any ordinance shall be adopted.

 

            Each
proposed ordinance or resolution shall be introduced in written or printed form
and shall not contain more than one subject, but general appropriation
ordinances may contain various subjects and accounts for which monies are to be
appropriated.  All ordinances shall be read in open meeting of the City Council
on two (2) separate days provided that all readings of any ordinance may be by
descriptive caption only except that one (1) member of the council may require
a complete reading of any ordinance upon first reading thereof.  Any ordinance
necessary to protect the public’s peace, health, safety and general welfare,
may be passed as an emergency and become effective at once upon one (1) reading
of the City Council, upon the approval of a majority vote of the City Council
members at said reading.

 

            The City
Attorney shall approve each ordinance in writing or shall file with the City
Secretary his written legal objections thereto.  Every ordinance enacted by the
City Council shall be signed by the Mayor, Mayor Pro Tem, or by two (2) council
members, and shall be filed with and recorded by the City Secretary before the
same shall become effective.

 

            Except
as otherwise provided by law or this Charter, the City Secretary shall give
notice of the enactment of every penal ordinance and of every other ordinance
required by law or this Charter to be published, by causing the descriptive
title or caption of the same to be published at least one time within ten (10)
days after final passage thereof in some newspaper of general circulation in
the City.  The City Secretary shall note on every ordinance and on the record
thereof, the dates and medium of its publication, and such notation shall be
prima facie evidence of compliance with the requirements of this section.

 

Appellees also
attached the ordinance file obtained from the City in an open records act. 
This file shows that the City adopted an ordinance entitled “River Management
Fee” on May 14, 2001.  Ordinance No. 01-32[2]
provides in part:

Section 86-99. 
Public River Exits.  Any person, firm, partnership or corporation that
rents water-oriented recreational equipment for use on the Comal and Guadalupe
rivers within the city limits of New Braunfels shall pay the City $1.00 for
each rental customer utilizing any public river exit.

 

            . . . .

 

Section 86-100. 
Water Recreation Shuttles.  Any City water recreation shuttle permit holder
shall pay the City $1.00 for each passenger, who is not a rental customer,
transported from locations on the Comal River and Guadalupe River down river
from the Gruene Road bridge within the city limits of New Braunfels.

 

            . . . .

 

Section 86-102. 
Penalty.  Any person, firm, partnership or corporation failing to submit
fees and the monthly report by 15 calendar days following each monthly
reporting period will be prohibited from using any public river exit and will
have their water recreation shuttle permit suspended until the required reports
and fees are submitted and accepted by the City Secretary’s Office.

 

The ordinance
was signed by the mayor and city secretary but was not signed by the city
attorney and did not contain any notations made by the city secretary regarding
publication.  No objections by the city attorney appear in the ordinance file. 
Appellees expressly identified these omissions in their motion for summary
judgment and argued that, due to the omissions, the ordinance was void because
it was adopted in violation of the city charter.  The summary judgment evidence
was sufficient to show the alleged omissions.  Thus, the summary judgment proof
conclusively shows that the City failed to enact the ordinance in compliance
with the city charter.

            Although
the nonmovant is not required to file a response to defeat the movant’s summary
judgment motion, once the movant establishes a right to judgment as a matter of
law, the nonmovant must come forward with evidence or law that precludes
summary judgment.  Clear Creek, 589 S.W.2d at 678–79.  Here, the
appellees established their right to judgment as a matter of law.  In its response
to appellees’ motion, the City did not attach any summary judgment evidence to
raise a fact issue on whether the ordinance complied with the charter.  The
City mentioned the allegation that the ordinance was void for failing to comply
with the charter only twice in its response:  once to state that appellees had
alleged that the City did not comply with the charter and once to state that
the City disputed that allegation.  However, the City did not discuss in any
detail why it disputed that allegation, nor did it attach any evidence to raise
a fact issue regarding compliance with its charter.

            On
appeal, the City contends that appellees were barred from challenging the
validity of the ordinance more than three years after the ordinance was enacted
under Section 51.003(a) of the Local Government Code and, thus, that the court
erred when it granted appellees’ motion for summary judgment.  Section
51.003(a) provides:

            A
governmental act or proceeding of a municipality is conclusively presumed, as
of the date it occurred, to be valid and to have occurred in accordance with
all applicable statutes and ordinances if:  

 

            (1) the
third anniversary of the effective date of the act or proceeding has expired;
and 

 

            (2) a
lawsuit to annul or invalidate the act or proceeding has not been filed on or
before that third anniversary.   

 

Tex. Loc. Gov’t Code Ann. § 51.003(a) (West
2008).  But the City failed to raise this defense in its response to appellees’
motion.  Rule 166a(c) of the Texas Rules of Civil Procedure provides:  “Issues
not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal.”  The City
argues that it preserved this argument because it expressly presented its
affirmative defense of limitations in its original answer as well as its motion
for new trial.  However, “[p]leadings do not constitute summary judgment
proof.”  Clear Creek, 589 S.W.2d at 678 (citing Hidalgo v. Sur. Sav.
& Loan Ass’n, 462 S.W.2d 540 (Tex. 1971)).  The term “answer” in Rule
166a(c) refers to an answer to a motion for summary judgment, not an answer
filed in response to a petition.  Id.  “The written answer or response
to the motion must fairly apprise the movant and the court of the issues the
non-movant contends should defeat the motion.”  Id.  Raising the affirmative
defense in an original answer or in a motion for new trial as the city did here
is insufficient to raise a defense to the motion for summary judgment.  See,
e.g., Davenport v. Harrison, 711 S.W.2d 340, 341 (Tex. App.—Texarkana 1986,
no writ) (“Such a pleading fails to present any issue in response to the
summary judgment motion.”) (citing Toler v. Harbour, 589 S.W.2d 529, 531
(Tex. Civ. App.—Amarillo 1979, writ ref’d n.r.e)).  Thus, if the nonmovant
fails to raise an affirmative defense of limitations in its response to the
motion, the argument is waived and cannot be considered as a ground for
reversal on appeal.  Rule 166a(c).

            Appellees
proved as a matter of law that the ordinance did not comply with the charter
and, thus, was void.  The City failed to raise a fact issue or allege any legal
defense to appellees’ motion in its response.  Therefore, the trial court did
not err in granting the motion for partial summary judgment on the ground that
the ordinance was void for failure to comply with the city charter.  We
overrule the City’s third issue.

            Because
we find that the trial court did not err when it granted appellees’ motion for
partial summary judgment on the ground that the ordinance failed to comply with
the city charter, we do not need to consider whether the trial court erred when
it granted the motion on the ground that the ordinance was an unconstitutional
occupation tax.  Therefore, we do not reach Issues One and Two.

            In
its fourth and fifth issues, the City contends that the trial court erred when
it awarded appellees a full refund of all river management fees paid from 2001
to 2007 and attorneys’ fees under the Texas Declaratory Judgments Act.  Specifically
the City argues that appellees are barred by the statute of limitations under Tex. Civ. Prac. & Rem. Code Ann. §
16.003(a) (West Supp. 2011) from receiving a refund of any fees paid prior to
two years before appellees filed suit.

            Appellees
alleged in their motion for summary judgment that they were entitled to a full
refund of all fees paid to the City since 2001, the year the City enacted the
ordinance.  To prove the amount of fees that each appellee had paid since 2001,
appellees attached city records showing the amounts paid by each appellee for
years 2001 to 2007.  In addition, appellees attached an affidavit from a
representative of each business swearing to the totals paid by each as stated in
their motion:  $145,944 by Texas Tubes; $419,591.75 by WWGAF; and $247,910.50
by Corner Tubes.  In its response, the City contended that appellees were
barred from receiving a full refund and were only entitled to a refund for fees
paid within two years prior to May 30, 2007, when appellees filed their Second
Amended Petition raising the claim that the fee was an unconstitutional tax or
void for failing to comply with the city charter.  We note, however, that
appellees did not seek a refund of the fees until September 14, 2007, when
appellees filed their Fourth Amended Petition.

            The
Texas Supreme Court has held that the applicable statute of limitations for
pursuing a refund of a void tax or fee is two years after the day the cause of
action accrues.  Lowenberg v. City of Dallas, 168 S.W.3d 800, 801 (Tex.
2005) (per curiam) (citing Section 16.003(a); Lubbock County, Tex. v.
Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 584 (Tex. 2002)).  A cause of
action for pursuing a refund of a void tax or fee accrues when payment of the
tax or fee is made to the city.  Id.  Thus, each payment made to the city
is a separate cause of action.  Although a taxpayer is not required to refuse
to make payment of a tax in order to receive a refund after the tax or fee is
declared illegal, “[t]he taxpayer is still responsible for pursuing the
adjudication of the fee or tax in a timely manner.”  Camacho v. Samaniego,
954 S.W.2d 811, 828 (Tex. App.­­—El Paso 1997, pet. denied).  The Lowenberg
court cited to Camacho as one of several courts that had also held that
the accrual date for a refund claim was from the date the fee was paid.  Lowenberg,
168 S.W.3d at 802 n.1.

            The City raised the statute of limitations
defense in its response to appellees’ motion for summary judgment.  By raising
the limitations defense, the City created a fact issue that precluded the court
from granting summary judgment on behalf of appellees.  Thus, the trial court
erred when it granted appellees’ motion for summary judgment and ordered the
City to refund all fees paid between the years 2001 and 2007.  We sustain the
City’s fourth issue.  Because the City did not file a motion for summary
judgment conclusively proving its affirmative defense of limitations, we
reverse and remand this portion of the case to allow the trial court to
determine the appropriate refund due under the two-year statute of limitations.

            Because we reverse and remand the
portion of the summary judgment order granting a full refund of all fees paid
to the City since 2001, we also reverse and remand the award of attorneys’ fees
and costs so that the trial court can determine the appropriate amount of fees and
costs under the Texas Declaratory Judgments Act that should be awarded with
respect to the revised refund amount.  Appellant’s fifth issue is sustained.

            We
affirm in part and reverse and remand in part the trial court’s judgment.  The portion
of the judgment ordering a full refund of all fees paid by appellees to the
City for years 2001 to 2007 and awarding attorneys’ fees and costs is reversed. 
In all other respects, the judgment of the trial court is affirmed.  This cause
is remanded to the trial court for further proceedings consistent with this
opinion.

            

                                                                                                

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

February 2, 2012

Panel consists of:  Wright, C.J.,


McCall, J., and Kalenak, J.

 











            [1]The parties also sought declarations that the Comal and
Guadalupe Rivers are “navigable streams” owned by the State of Texas and held
in trust for the people of the State and that the City “may not exert its
police powers against the State of Texas or on the state-owned property
consisting of the water and riverbeds of the Comal and Guadalupe Rivers as they
flow through the City of New Braunfels.”





            [2]In 2008, the City repealed Ordinance No. 01-32 by
enacting Ordinance No. 2008-29.  The new ordinance requires rental companies
and shuttle permit holders to collect $1.25 from each of its rental customers
or shuttle passengers, if not also a rental customer, and then remit the
collected fees to the City on a monthly basis.  Appellees filed a motion for partial
summary judgment challenging the constitutionality of the new ordinance on the
same grounds that appellees had challenged the repealed ordinance.  The City
filed a plea to the jurisdiction claiming that only the rental customers and
shuttle passengers had standing to challenge the new ordinance.  The court
granted the City’s plea to the jurisdiction.  Ordinance No. 2008-29 is not at
issue in this appeal.