**Opinion filed February 2, 2012**



In The

# Eleventh Court of Appeals

———————

## No. 11-10-00009-CV

———————

## CITY OF NEW BRAUNFELS, TEXAS, Appellant

## V.

## WWGAF, INC. D/B/A ROCKIN "R" RIVER RIDES, TEXAS TUBES, AND CORNER TUBES, INC., Appellees

**On Appeal from the 207th District Court**

**Comal County, Texas**

**Trial Court Cause No. C2007-0781B**

## M E M O R A N D U M   O P I N I O N

We withdraw our former opinion and judgment dated December 22, 2011, and substitute this opinion and judgment therefor. The City of New Braunfels's motion for rehearing is denied.

This appeal stems out of two summary judgment orders entered in favor of appellees. We affirm in part and reverse and remand in part.

WWGAF, Inc. d/b/a Rockin "R" River Rides, Texas Tubes, and Corner Tubes, Inc. rent tubes and ice chests in New Braunfels for use on the Comal and Guadalupe Rivers. Appellees also provide patrons with shuttle access to and from the rivers' drop-off and exit points.

Initially, appellees, along with an unincorporated association known as "Stop The Ordinances Please" (STOP), Gruene Home Run Batting Cages and Tubing, and several individuals, brought suit against the City of New Braunfels. The parties challenged four city ordinances by which the City prohibited the use of certain containers on the Comal and Guadalupe Rivers and one ordinance by which the City required the businesses to pay a river management fee.[1] The City filed a plea to the jurisdiction and contested the parties' standing to assert all of their claims except for the parties' challenge to the river management fee. The trial court granted the plea, dismissed those claims, and severed the challenge to the fee from the dismissed claims. The businesses appealed the trial court's dismissal order to the Third Court of Appeals in Austin. The Third Court affirmed in part and reversed and remanded in part. *Stop the Ordinances Please v. City of New Braunfels*, 306 S.W.3d 919 (Tex. App.—Austin 2010, no pet.).

The businesses were parties to the fee claims; the association and individuals were not. Although Gruene Home Run Batting Cages later took a nonsuit on the fee claims, and although Gruene is not a party to this appeal, appellees and Gruene moved for partial summary judgment on their claim that New Braunfels City Ordinance No. 01-32, entitled "River Management Fee," was an unconstitutional occupation tax. In the alternative, the parties moved for partial summary judgment on the ground that the ordinance was void because the City adopted it in violation of its charter. The trial court granted summary judgment in favor of appellees on both grounds.

Gruene filed a motion to nonsuit without prejudice, and the trial court granted it. Only appellees remained as named plaintiffs in the suit.

Appellees filed a motion for final summary judgment in which they claimed they were entitled to a refund of the prior fees paid to the City, as well as attorneys' fees and costs. The trial court again granted summary judgment in favor of appellees and awarded $419,591.75 to WWGAF, $145,944 to Texas Tubes, and $247,910.50 to Corner Tubes as refunds of prior fees paid to the City; prejudgment and postjudgment interest; $148,836 in attorneys' fees; and $13,410.05 in costs.

The City raises five issues on appeal. In its first three issues, the City challenges the trial court's order in which the trial court granted partial summary judgment regarding the validity of

---

[1]The parties also sought declarations that the Comal and Guadalupe Rivers are "navigable streams" owned by the State of Texas and held in trust for the people of the State and that the City "may not exert its police powers against the State of Texas or on the state-owned property consisting of the water and riverbeds of the Comal and Guadalupe Rivers as they flow through the City of New Braunfels."

the fee. In the last two issues, the City challenges the trial court's order in which it granted summary judgment on the issue of the fee refund, attorneys' fees, and costs. First, the City contends that the appellees' summary judgment evidence is insufficient to establish that the fee is an unconstitutional tax as a matter of law. The City also argues that it raised a genuine issue of material fact regarding the primary purpose of the fee. In its third issue, the City asserts that appellees failed to challenge the procedural defects of the fee ordinance within the applicable statute of limitations. Furthermore, the City argues that the trial court erred when it ordered the City to refund fees paid more than two years before appellees challenged the fee. In its fifth issue, the City contends that the trial court erred when it ordered the City to pay attorneys' fees and costs.

A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The nonmovant is not required to file a response to defeat the movant's summary judgment motion; however, once the movant establishes a right to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment. *Clear Creek*, 589 S.W.2d at 678–79. We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, the appellate court takes as true evidence favorable to the nonmovant. *Id.*

We will address each summary judgment separately. In the motion for partial summary judgment, appellees argued that, although the ordinance was designated as a "fee," it was actually a tax because its primary purpose was to raise revenue, not to regulate a business. Furthermore, appellees asserted that, because the State of Texas had not levied an occupation tax for using public river exits or for picking up tubers from a public river exit, it was unconstitutional for the City to levy such a tax. In the alternative, appellees contended that the ordinance was void because the City did not comply with the requirements of the city charter in its enactment. Specifically, appellees claimed that the city attorney failed to sign the ordinance in approval or file objections to the ordinance with the city secretary and that the city secretary failed to note on the ordinance the dates and medium of its publication.

3

We will first discuss whether the trial court erred when it granted partial summary judgment in favor of appellees on the ground that the ordinance was void because it did not comply with the city charter. In passing an ordinance, a city is subject to the provisions of its charter. *Loos v. City of Houston*, 375 S.W.2d 952, 956 (Tex. Civ. App.—Houston 1964, writ ref'd n.r.e.). "Each act required to be done is essential to the exercise of the jurisdiction, and each must be rigidly performed. The courts cannot say that the omission of some requirement is unimportant, or that an act different from that directed is substantially as good." *Flewellen v. Proetzel*, 15 S.W. 1043, 1045 (Tex. 1891).

Appellees attached section 3.10 of the city charter to their motion for summary judgment. That section provides:

> The City Council shall legislate by ordinance only, and the enacting clause of every ordinance shall be, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF NEW BRAUNFELS, before any ordinance shall be adopted.

> Each proposed ordinance or resolution shall be introduced in written or printed form and shall not contain more than one subject, but general appropriation ordinances may contain various subjects and accounts for which monies are to be appropriated. All ordinances shall be read in open meeting of the City Council on two (2) separate days provided that all readings of any ordinance may be by descriptive caption only except that one (1) member of the council may require a complete reading of any ordinance upon first reading thereof. Any ordinance necessary to protect the public's peace, health, safety and general welfare, may be passed as an emergency and become effective at once upon one (1) reading of the City Council, upon the approval of a majority vote of the City Council members at said reading.

> The City Attorney shall approve each ordinance in writing or shall file with the City Secretary his written legal objections thereto. Every ordinance enacted by the City Council shall be signed by the Mayor, Mayor Pro Tem, or by two (2) council members, and shall be filed with and recorded by the City Secretary before the same shall become effective.

> Except as otherwise provided by law or this Charter, the City Secretary shall give notice of the enactment of every penal ordinance and of every other ordinance required by law or this Charter to be published, by causing the descriptive title or caption of the same to be published at least one time within ten (10) days after final passage thereof in some newspaper of general circulation in the City. The City Secretary shall note on every ordinance and on the record thereof, the dates and medium of its publication, and such notation shall be prima facie evidence of compliance with the requirements of this section.

Appellees also attached the ordinance file obtained from the City in an open records act. This file shows that the City adopted an ordinance entitled "River Management Fee" on May 14, 2001. Ordinance No. 01-32[2] provides in part:

> *Section 86-99. Public River Exits.* Any person, firm, partnership or corporation that rents water-oriented recreational equipment for use on the Comal and Guadalupe rivers within the city limits of New Braunfels shall pay the City $1.00 for each rental customer utilizing any public river exit.
>
> . . . .
>
> *Section 86-100. Water Recreation Shuttles.* Any City water recreation shuttle permit holder shall pay the City $1.00 for each passenger, who is not a rental customer, transported from locations on the Comal River and Guadalupe River down river from the Gruene Road bridge within the city limits of New Braunfels.
>
> . . . .
>
> *Section 86-102. Penalty.* Any person, firm, partnership or corporation failing to submit fees and the monthly report by 15 calendar days following each monthly reporting period will be prohibited from using any public river exit and will have their water recreation shuttle permit suspended until the required reports and fees are submitted and accepted by the City Secretary's Office.

The ordinance was signed by the mayor and city secretary but was not signed by the city attorney and did not contain any notations made by the city secretary regarding publication. No objections by the city attorney appear in the ordinance file. Appellees expressly identified these omissions in their motion for summary judgment and argued that, due to the omissions, the ordinance was void because it was adopted in violation of the city charter. The summary judgment evidence was sufficient to show the alleged omissions. Thus, the summary judgment proof conclusively shows that the City failed to enact the ordinance in compliance with the city charter.

Although the nonmovant is not required to file a response to defeat the movant's summary judgment motion, once the movant establishes a right to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment.

---

[2]In 2008, the City repealed Ordinance No. 01-32 by enacting Ordinance No. 2008-29. The new ordinance requires rental companies and shuttle permit holders to collect $1.25 from each of its rental customers or shuttle passengers, if not also a rental customer, and then remit the collected fees to the City on a monthly basis. Appellees filed a motion for partial summary judgment challenging the constitutionality of the new ordinance on the same grounds that appellees had challenged the repealed ordinance. The City filed a plea to the jurisdiction claiming that only the rental customers and shuttle passengers had standing to challenge the new ordinance. The court granted the City's plea to the jurisdiction. Ordinance No. 2008-29 is not at issue in this appeal.

*Clear Creek*, 589 S.W.2d at 678–79. Here, the appellees established their right to judgment as a matter of law. In its response to appellees' motion, the City did not attach any summary judgment evidence to raise a fact issue on whether the ordinance complied with the charter. The City mentioned the allegation that the ordinance was void for failing to comply with the charter only twice in its response: once to state that appellees had alleged that the City did not comply with the charter and once to state that the City disputed that allegation. However, the City did not discuss in any detail why it disputed that allegation, nor did it attach any evidence to raise a fact issue regarding compliance with its charter.

On appeal, the City contends that appellees were barred from challenging the validity of the ordinance more than three years after the ordinance was enacted under Section 51.003(a) of the Local Government Code and, thus, that the court erred when it granted appellees' motion for summary judgment. Section 51.003(a) provides:

> A governmental act or proceeding of a municipality is conclusively presumed, as of the date it occurred, to be valid and to have occurred in accordance with all applicable statutes and ordinances if:
>
> (1) the third anniversary of the effective date of the act or proceeding has expired; and
>
> (2) a lawsuit to annul or invalidate the act or proceeding has not been filed on or before that third anniversary.

TEX. LOC. GOV'T CODE ANN. § 51.003(a) (West 2008). But the City failed to raise this defense in its response to appellees' motion. Rule 166a(c) of the Texas Rules of Civil Procedure provides: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." The City argues that it preserved this argument because it expressly presented its affirmative defense of limitations in its original answer as well as its motion for new trial. However, "[p]leadings do not constitute summary judgment proof." *Clear Creek*, 589 S.W.2d at 678 (citing *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540 (Tex. 1971)). The term "answer" in Rule 166a(c) refers to an answer to a motion for summary judgment, not an answer filed in response to a petition. *Id.* "The written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion." *Id.* Raising the affirmative defense in an original answer or in a motion for new trial as the city did here is insufficient to raise a defense to

the motion for summary judgment. *See, e.g., Davenport v. Harrison*, 711 S.W.2d 340, 341 (Tex. App.—Texarkana 1986, no writ) ("Such a pleading fails to present any issue in response to the summary judgment motion.") (citing *Toler v. Harbour*, 589 S.W.2d 529, 531 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e)). Thus, if the nonmovant fails to raise an affirmative defense of limitations in its response to the motion, the argument is waived and cannot be considered as a ground for reversal on appeal. Rule 166a(c).

Appellees proved as a matter of law that the ordinance did not comply with the charter and, thus, was void. The City failed to raise a fact issue or allege any legal defense to appellees' motion in its response. Therefore, the trial court did not err in granting the motion for partial summary judgment on the ground that the ordinance was void for failure to comply with the city charter. We overrule the City's third issue.

Because we find that the trial court did not err when it granted appellees' motion for partial summary judgment on the ground that the ordinance failed to comply with the city charter, we do not need to consider whether the trial court erred when it granted the motion on the ground that the ordinance was an unconstitutional occupation tax. Therefore, we do not reach Issues One and Two.

In its fourth and fifth issues, the City contends that the trial court erred when it awarded appellees a full refund of all river management fees paid from 2001 to 2007 and attorneys' fees under the Texas Declaratory Judgments Act. Specifically the City argues that appellees are barred by the statute of limitations under TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2011) from receiving a refund of any fees paid prior to two years before appellees filed suit.

Appellees alleged in their motion for summary judgment that they were entitled to a full refund of all fees paid to the City since 2001, the year the City enacted the ordinance. To prove the amount of fees that each appellee had paid since 2001, appellees attached city records showing the amounts paid by each appellee for years 2001 to 2007. In addition, appellees attached an affidavit from a representative of each business swearing to the totals paid by each as stated in their motion: $145,944 by Texas Tubes; $419,591.75 by WWGAF; and $247,910.50 by Corner Tubes. In its response, the City contended that appellees were barred from receiving a full refund and were only entitled to a refund for fees paid within two years prior to May 30, 2007, when appellees filed their Second Amended Petition raising the claim that the fee was an

7

unconstitutional tax or void for failing to comply with the city charter. We note, however, that appellees did not seek a refund of the fees until September 14, 2007, when appellees filed their Fourth Amended Petition.

The Texas Supreme Court has held that the applicable statute of limitations for pursuing a refund of a void tax or fee is two years after the day the cause of action accrues. *Lowenberg v. City of Dallas*, 168 S.W.3d 800, 801 (Tex. 2005) (per curiam) (citing Section 16.003(a); *Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002)). A cause of action for pursuing a refund of a void tax or fee accrues when payment of the tax or fee is made to the city. *Id.* Thus, each payment made to the city is a separate cause of action. Although a taxpayer is not required to refuse to make payment of a tax in order to receive a refund after the tax or fee is declared illegal, "[t]he taxpayer is still responsible for pursuing the adjudication of the fee or tax in a timely manner." *Camacho v. Samaniego*, 954 S.W.2d 811, 828 (Tex. App.—El Paso 1997, pet. denied). The *Lowenberg* court cited to *Camacho* as one of several courts that had also held that the accrual date for a refund claim was from the date the fee was paid. *Lowenberg*, 168 S.W.3d at 802 n.1.

The City raised the statute of limitations defense in its response to appellees' motion for summary judgment. By raising the limitations defense, the City created a fact issue that precluded the court from granting summary judgment on behalf of appellees. Thus, the trial court erred when it granted appellees' motion for summary judgment and ordered the City to refund all fees paid between the years 2001 and 2007. We sustain the City's fourth issue. Because the City did not file a motion for summary judgment conclusively proving its affirmative defense of limitations, we reverse and remand this portion of the case to allow the trial court to determine the appropriate refund due under the two-year statute of limitations.

Because we reverse and remand the portion of the summary judgment order granting a full refund of all fees paid to the City since 2001, we also reverse and remand the award of attorneys' fees and costs so that the trial court can determine the appropriate amount of fees and costs under the Texas Declaratory Judgments Act that should be awarded with respect to the revised refund amount. Appellant's fifth issue is sustained.

We affirm in part and reverse and remand in part the trial court's judgment. The portion of the judgment ordering a full refund of all fees paid by appellees to the City for years 2001 to 2007 and awarding attorneys' fees and costs is reversed. In all other respects, the judgment of

the trial court is affirmed. This cause is remanded to the trial court for further proceedings consistent with this opinion.


JIM R. WRIGHT
CHIEF JUSTICE


February 2, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.