

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00571-CV

**THE CITY OF HELOTES**, Tom Schoolcraft, Rick Schroder, and Ernest Cruz,
Appellants

v.

**CONTINENTAL HOMES OF TEXAS, LP**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18405
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  June 1, 2016

AFFIRMED

Continental Homes filed suit against the City of Helotes ("the City") for declaratory and injunctive relief. Specifically, Continental Homes sought to invalidate city ordinances 503A and 505 to nullify expansion of the City's extraterritorial jurisdiction (ETJ) and enjoin the City from requiring and collecting fees for building permits and inspections on development within its ETJ. This is an appeal from the trial court's order and final judgment granting Continental Homes's motions for summary judgment on all of its requested declaratory and injunctive relief.

**FACTUAL AND PROCEDURAL HISTORY**

Continental Homes is the owner of a tract of land platted and subdivided for residential development as "Wildhorse at Tausch Farms" (Wildhorse Subdivision). When Continental Homes purchased the subject property, it was within the City of San Antonio's ETJ. In May 2013, the City and the City of San Antonio entered an agreement in which the City of San Antonio released a certain portion of its ETJ "to the benefit of the City of Helotes."

In Ordinance 503A, enacted in April 2013, the City adopted and codified Section 18-1 of its Code of Ordinances, titled "Applicability of Building Regulations in Extraterritorial Jurisdiction". On June 13, 2013, the City enacted Ordinance 505, in which it expanded its ETJ boundary to include the land released by the City of San Antonio and which encompassed the Wildhorse Subdivision. On July 1, 2013, the City sent Continental Homes a letter informing Continental Homes that as of that date residential and commercial development within the designated ETJ would be subject to the restrictions and requirements of the City's Municipal Code of Ordinances. Thereby, Continental Homes's property would be subject to the City's building codes and regulations, in particular, the requirement that Continental Homes obtain and pay for building permits and inspections of any construction.

Continental Homes complied with the City's demands under protest and filed this action for declaratory and injunctive relief on November 5, 2013. Continental Homes alleged the City's Ordinances 503A and 505 were invalid. Continental Homes alleged Ordinance 505 was void because it expands the City's ETJ by unauthorized means and beyond the area allowed under state law, alleged to be one mile from its corporate boundary. Continental Homes alleged Ordinance 503A was contrary to state law, and thus, invalid because state law precludes enforcement of a city's building regulations within an ETJ. Specifically, state law limits a city's authority to regulate property development in its ETJ to the platting and subdivision of land, and requiring

- 2 -

payment of fees and permits and inspections does not fall within this limited authority. As an alternative argument, Continental Homes contends a general-law municipality, such as the City, is precluded by state law from enforcing its building regulations within its ETJ.

Continental Homes sought summary judgment on its requested declaratory and injunctive relief. By order dated June 17, 2014, the trial court granted Continental Homes's motion for partial summary judgment stating, Ordinance 505 "as it purports to include portions of [Continental Homes's] property which are more than one mile from the City's corporate limits is void *ab initio*." The trial court ordered the City to immediately "cease and desist from enforcing or attempting to enforce any City regulations, including those requiring building permits and building inspections, within those portions of [Continental Homes's] property which are located more than one mile from the City's corporate limits." By order dated September 25, 2014, the trial court ordered the City to return to Continental Homes $224,282.44 as the amount of fees improperly collected for building permits and inspections.

Continental Homes then filed a motion for summary judgment on multiple grounds on its remaining requested declaratory and injunctive relief. The City also filed a multiple-ground motion for summary judgment in which it asserted defensive arguments for declaratory relief. In a final judgment dated June 15, 2015, the trial court granted Continental Homes's motion for summary judgment and denied the City's motion for summary judgment. The final judgment did not specify the reasons or ground upon which it granted Continental Homes's multiple-ground motion for summary judgment nor the reason or grounds upon which it denied the City's multiple-ground motion for summary judgment. The final judgment did not state the specific declaratory relief granted. The trial court ordered that final judgment be entered in favor of Continental Homes and against the City and ordered the City to pay Continental Homes's specified attorney's fees and litigation expenses. The trial court also awarded the requested injunctive relief precluding the City

from enforcing its building code regulations against Continental Homes's property. The City now appeals.

*Standard of Review*

A declaratory judgment rendered by summary judgment is reviewed under the same standards that govern summary judgments generally. *Hourani v. Katzen*, 305 S.W.3d 239, 248 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *Lidawi v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2003, no pet.). When, as in this case, both sides move for summary judgment and the trial court grants one motion and denies the other, an appellate court must review *de novo* all questions presented and all summary-judgment evidence presented by both sides. *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997); *PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 729 (Tex. App.—San Antonio 2014, pet. denied). If the appellate issue raised is based on undisputed and unambiguous facts, the appellate court will review the trial court's award of declaratory relief and determine its propriety as a matter of law. *See Gramercy Ins. Co. v. MRD Invs., Inc.*, 47 S.W.3d 721, 724 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (citing *Comm'rs Court of Titus Cnty.*, 940 S.W.2d at 81).

Under the traditional standard for summary judgment, the movant has the burden to show no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When both parties move for summary judgment on strictly legal questions, each party "bears the burden of establishing that it is entitled to judgment as a matter of law." *Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 862 (Tex. 1993); *Mandell v. Mandell*, 214 S.W.3d 682, 687 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Declaratory judgment is not an appropriate remedy to resolve a purely factual dispute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.003(a), 37.007 (West 2015); *see also Indian Beach*

*Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 699–700 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Thus, a plaintiff who moves for summary judgment on a claim for declaratory relief must conclusively prove no genuine issue of material fact exists, and it is entitled to the requested declaratory relief as a matter of law. *See Schuhardt Consulting Profit Sharing Plan v. Double Knobs Mountain Ranch, Inc.*, 468 S.W.3d 557, 565–66 (Tex. App.—San Antonio 2014, pet. denied); *Indian Beach Prop. Owners' Ass'n*, 222 S.W.3d at 699–700. Likewise, a defendant is entitled to summary judgment on a plaintiff's request for declaratory relief if the defendant disproves the plaintiff's entitlement to the declaratory relief as a matter of law. *See McCall v. McCall*, 24 S.W.3d 508, 511 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

**ANALYSIS**

### I.     Whether Suit is Barred by Statute

The City contends Local Government Code § 51.003 requires that Continental Homes's challenge to the subject ordinances must have been filed within three years of enactment of the originating ordinances 83 and 83A. Because Ordinances 83 and 83A were enacted more than 20 years ago, the City contends Continental Homes' suit challenging Ordinances 503A and 505, which were amendments to Ordinances 83 and 83A, is barred.

> Local Government Code Section 51.003 (known as the "validation statute") states:
>
> (a) A governmental act or proceeding of a municipality is conclusively presumed, as of the date it occurred, to be valid and to have occurred in accordance with all applicable statutes and ordinances if:
> (1) the third anniversary of the effective date of the act or proceeding has expired; and
> (2) a lawsuit to annul or invalidate the act or proceeding has not been filed on or before that third anniversary

TEX. LOC. GOV'T CODE ANN. § 51.003 (West 2008).

The validation statute acts as a statute of limitations to the filing of suit challenging a city ordinance. *See Gray v. Town of Westlake*, 2-02-173-CV, 2003 WL 22351652, at *3 (Tex. App.—

Fort Worth Oct. 16, 2003, pet. denied). With regard to Continental Homes's requested declaratory relief regarding the fees to be refunded, an action against a city for refund of unauthorized fees accrues upon payment of the fee, not when the city enacted the ordinance authorizing the fee. *Lowenberg v. City of Dallas*, 168 S.W.3d 800, 802 (Tex. 2005).

In this suit, Continental Homes challenges Ordinances 503A and 505, which it alleged unlawfully subjected it to the City's building regulations. Ordinance 503A was enacted in April 2013. Ordinance 505 was enacted in June 2013. On July 1, 2013, the City notified Continental Homes that its property was within the City's new ETJ, and Continental Homes would have to obtain building permits and inspections and pay fees pursuant to Section 18-1 of the City's building code. Continental Homes complied with the ordinances under protest from July 2013 until June 2014, when the trial court enjoined the City from enforcing its ordinances against Continental Homes's property. Continental Homes filed suit against the City on November 5, 2013.

In this suit, Continental Homes sought declaratory judgment that Ordinances 503A and 505 are void. The validation statute provides presumptive validity of a governmental act *as of the date it occurred*. Therefore, as applied to this suit, the validation statute pertains to the enactment date of the challenged ordinances, not Ordinances 83 and 83A which did not subject the relevant property to the City's building regulations. The City provides no caselaw to support its position that all challenges to an ordinance relate back to the enactment of the originating ordinance, and thereby prohibits any challenge to any amendment that occurs after three years.

Therefore, based upon the facts and circumstances in this case, the governmental action challenged by Continental Homes was enactment of Ordinances 503A and 505. Continental Homes's cause of action for declaratory relief to invalidate Ordinances 503A and 505 accrued in April 2013 and July 2013, upon enactment of these ordinances. Continental Homes's cause of action for declaratory relief for return of fees it alleged were improperly collected under these

ordinances accrued upon payment, that is, at the earliest, July 2013 when it began paying these fees under protest. Continental Homes filed suit on November 5, 2013, prior to expiration of three years following enactment of Ordinances 503A and 505 and its payment of fees.

Therefore, the validation statute does not bar Continental Homes's filing of this action. The City's issue challenging the trial court's judgment based upon statutory bar to suit is overruled.

## II.    Attorney's Fees

The City contends Continental Homes failed to satisfy its summary-judgment burden of proof to show the requested and awarded attorney's fees are equitable and just.

"In suits brought under the Declaratory Judgment Act, attorney's fees awards are within 'the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law.'" *Merry Homes, Inc. v. Chi Hung Luu*, 312 S.W.3d 938, 950 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (quoting *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). Determination whether an attorney-fee award is equitable and just depends not on direct proof, but on the concept of fairness in light of all the circumstances of the case. *See Ridge Oil Co., Inc. v. Guinn Investments, Inc.*, 148 S.W.3d 143, 162–63 (Tex. 2004); *Approach Res. I, L.P. v. Clayton*, 360 S.W.3d 632, 639–40 (Tex. App.—El Paso 2012, no pet.).

To preserve complaint for appellate review that a trial court's award of attorney's fees is not just or equitable, a party must present this specific challenge to the trial court and obtain a ruling. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1); *El-Khoury v. Kheir*, 241 S.W.3d 82, 91 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). If a party fails to preserve error with this specific challenge, appellate review is waived. *El-Khoury v. Kheir*, 241 S.W.3d at 91; *see also Nelson v. Big Woods Springs Improvement Ass'n, Inc.*, 322 S.W.3d 678, 684–85 (Tex. App.— Texarkana 2010, pet. denied).

Review of the City's response to Continental Homes's motion for summary judgment and its own motion for summary judgment reveals the City did not challenge the applicability of the Declaratory Judgments Act with regard to an award of attorney's fees. The City argued only that Continental Homes was not entitled to an award of attorney's fees because its arguments lacked merit. The City did not challenge the trial court's attorney-fee award as inequitable and unjust, nor did it present this challenge in its post-judgment motion.

The City's general objection to an award of attorney's fees is not sufficient to present objection that the fees are not equitable or just as a matter of law. *See El-Khoury*, 241 S.W.3d at 91. Therefore, the City failed to preserve complaint for appellate review. Accordingly, the City's issue challenging the trial court's final judgment to the extent it awarded attorney's fees is overruled.

## III.    Effect of Unchallenged Trial Court Ruling

The City does not challenge on appeal the trial court's summary judgment declaring Ordinance 505 to be invalid *ab initio* to the extent the ordinance extended the City's ETJ beyond one mile from its corporate boundaries.

In a civil case, an appellate court is bound by and must follow any nonjurisdictional trial court ruling that is not challenged on appeal. *Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler, no pet.) (citing *Krumb v. Porter*, 152 S.W.2d 495, 496 (Tex. App.—San Antonio 941, writ ref'd)); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, no pet.). Similarly, if an appellant does not challenge each possible ground for summary judgment, an appellate court must uphold the summary judgment on the unchallenged ground. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

Because the trial court's declaration pertaining to Ordinance 505 is not challenged on appeal, this court is bound by and must follow this declaration. Therefore, this court's review of

the substantive issues presented on appeal begins with the trial court's unchallenged declaration that the City's ETJ extends to one mile beyond its corporate boundary. *See Malooly Bros., Inc.*, 461 S.W.2d at 121; *Maddox*, 135 S.W.3d at 163–64.

*Road Annexation*

Two months after the trial court granted Continental Homes's partial summary judgment, the City passed a series of ordinances (Ordinances 524, 525, 532, and 533) purporting to extend its corporate limits by annexation of certain roadways. Continental Homes moved for summary judgment on multiple grounds, one of which sought declaration that the City's attempt to expand its ETJ beyond one mile through annexation of certain roadways is ineffectual. The trial court granted this motion for summary judgment without stating its reasons or making any specific declaration.

The City does not challenge this possible ground for summary judgment in its appellate brief, but instead presents responsive argument in its reply brief. An appellant "may file a reply brief addressing any matter in the appellee's brief." TEX. R. APP. P. 38.3. However, an issue raised for the first time in a reply brief is waived and need not be considered by an appeals court. *See Anderson Prod. Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex. 1996) (court declined to consider issue first raised in reply brief); *López v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied).

Accordingly, this issue is not properly before this court, and the trial court's summary judgment on this unchallenged ground stands. *See Anderson Prod. Inc.*, 929 S.W.2d at 424; *Malooly Bros., Inc.*, 461 S.W.2d at 121. Therefore, the City's attempt to expand its ETJ beyond one mile by annexing certain roadways is ineffectual. Thus, while Ordinances 524, 525, 532, and 533 may have operated to annex certain roadways, this annexation does not operate to extend the City's ETJ beyond one mile from its corporate boundary.

*Remaining Substantive Issues*

Other than the issues already discussed, the remaining substantive issues presented on appeal all pertain to the question of the City's statutory authority to enforce its building regulations to areas within its ETJ. Because the trial court's unchallenged declaration defines the City's ETJ as the area within one mile of its corporate boundary, this unchallenged declaration is not determinative of the remaining appellate arguments which pertain to the City's authority to act within its ETJ. However, the uncontroverted summary judgment evidence established Continental Homes does not own any property that is the subject of this action within the City's ETJ. The only property owned by Continental Homes that is relevant to this lawsuit falls outside the City's one-mile ETJ boundary line.

The Texas Uniform Declaratory Judgments Act gives Texas courts the power to "declare rights, status, and other legal relations…." TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(a) (West 2015); *Transp. Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 227 (Tex. App.—Dallas 2012, no pet.). In determination of a request for declaratory relief, courts must be diligent to avoid rendition of an advisory opinion, which is prohibited under the Texas and federal constitutions. TEX. CONST. art. II, § 1; *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923–24 (Tex. App.—Dallas 2009, no pet.). A distinctive feature of an advisory opinion is that it would determine an "abstract question of law without binding the parties" or it addresses a "theoretical dispute," that does not involve "a real and substantial controversy involving a genuine conflict of tangible interests". *See Tex. Ass'n of Bus.*, 852 S.W.2d at 444; *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001).

At the time Continental Homes filed suit, a controversy existed between the parties regarding the viability of Ordinances 503A and 505. The parties' possessed tangible interests in the trial court's determination of all the requests for declaratory relief, which included genuine

dispute regarding the scope of the City's ETJ and whether the City could enforce its building regulations within its ETJ. Even after the trial court entered its order granting Continental Homes's motion for partial summary judgment declaring the City's ETJ extended one mile from its corporate boundary, a live controversy still existed regarding the amount of collected fees to be refunded and any assessment of attorney's fees.

On appeal, given the finality of the trial court's declaration limiting the City's ETJ to one mile, the parties' dispute whether the City can enforce its building regulations within its ETJ no longer exists. Therefore, any determination by this court of the remaining issues presented on appeal would address only a "theoretical dispute", not a live "controversy involving a genuine conflict of tangible interests." *See Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846 (Tex. App.—Austin 2002, pet. denied).

Due to the City's failure to challenge the trial court's declaration establishing the City's ETJ boundary to be one mile from its corporate boundary, combined with the uncontroverted evidence that Continental Homes owns no property within the City's ETJ, the remaining issues on appeal are moot and any determination of the presented issues would constitute an advisory opinion. Thus, the remaining issues are overruled as moot.

Jason Pulliam, Justice